43700. AETNA INSURANCE COMPANY et al. v. WOODY.

WHITMAN, Judge. This is a workmen's compensation case and arises out of an accident in which the claimant, James H. Woody, a construction worker, received head injuries when a concrete form fell from a loader. An agreement for the payment of compensation between the employee, employer and the employer's insurance carrier was approved by the board. Compensation was paid under the agreement up until the employer and carrier requested a hearing based on a change in condition.

At the hearing before a deputy director evidence was presented by the claimant to the effect that he had undergone a loss of hearing ability in both ears as a result of the accident, more so in the left ear than in the right. The deputy director made findings of fact and an award. The matter was appealed to the full board and the result of its de novo proceeding was that it adopted the deputy director's findings of fact with some amendment and entered a different award.

The full board found as fact that the claimant's total disability had ceased and that he had returned to gainful employment, but that he suffers from partial deafness in both ears as a result of the accident, to wit: 51% loss of hearing in the left ear and 25% loss of hearing in the right ear. The board further found that there had been a loss of the greater part of the hearing in the left ear such that it affected the conversational tones and made it difficult for the claimant to understand spoken instructions to him in industry. Such loss, the board found, is tantamount to a total loss of industrial hearing in the left ear and therefore should be compensated under the provisions of *Code Ann.* § 114-406 (r). Accordingly, the full board awarded the claimant compensation in the amount of $37.00 per week for 60 weeks for the permanent partial industrial handicap to the

left ear, which is the maximum allowable for claimant's wage history.

The full board made no finding of industrial loss of hearing with regard to the right ear and no compensation was awarded therefor.

On appeal to the superior court by both parties it was the court's finding that the award of the full board was contrary to law; and that there was a 51% loss of industrial hearing in the claimant's left ear and a 25% loss of industrial hearing in his right ear. A judgment was entered ordering compensation be paid on the basis which the partial loss to each ear bears to the compensation allowed by the Act for a whole loss of hearing in an ear, and further ordered that the compensation be paid for the duration allowed by the Act for a complete loss of hearing in both ears, i.e., $28.12 per week for 150 weeks.

The present appeal is from the judgment of the superior court, and the same is enumerated as error as being contrary to the law and the evidence. *Held:*

1. The Workmen's Compensation Act, as amended, provides for compensation for *"complete loss* of hearing in one ear" and also for *"complete loss* of hearing in both ears." (Emphasis supplied.) *Code Ann.* § 114-406, Par. (q) and (r); Ga. L. 1920, p. 184, as amended. There is no provision made in the Act for compensation for a *partial loss of* hearing in one ear or in both ears as is the case with the eyes and members of the body. See *Code Ann.* § 114-406 (s), supra. However, "complete loss of hearing" as used in the Act does not mean complete deafness but means the loss of the *industrial* use of the ear or ears. *Shipman v. Employers Mut. &c. Ins. Co.,* 105 Ga. App. 487 (4) (125 SE2d 72). Thus, even if one has some hearing ability in an ear but the ear has none of the hearing ability required of his work, he is deemed to have a "complete loss of hearing" in the ear for the purposes of workmen's compensation. However, if one has *partial industrial* use of an ear the Act provides no measure of compensation.

2. We have reviewed all of the evidence in this case and find that there is evidence to support the board's finding of a 51% loss of hearing in the left ear and that the nature of the loss is tantamount to a complete loss of industrial hearing in that ear. Accordingly, the board's award of compen-

sation as for a complete loss· of hearing in one ear was authorized. The board made no finding of a complete loss of industrial hearing in the right ear. There was evidence that claimant still has some regular use and industrial use of that ear. Therefore, compensation for that ear was not given and was not authorized.

The trial court erred in ordering that compensation be paid on the basis of the partial loss of hearing in each ear.

The judgment of the trial court is reversed with direction that the finding of fact and award of the State Board of Workmen's Compensation be made the judgment of the superior court.

*Judgment reversed with direction. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JUNE 3, 1968—DECIDED OCTOBER 23, 1968—
REHEARING DENIED DECEMBER 11, 1968.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox,* for appellants.

*Greene & Greene, James E. Greene,* for appellee.